F4TPCRUP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    14 CR 483 (LAP)

JOSE CRUZ,

            Defendant.

------------------------------x

                                  New York, N.Y.
                                  April 29, 2015
                                  11:10 a.m.

Before:

              HON. MICHAEL H. DOLINGER,

                            Magistrate Judge

                    APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
JESSICA FENDER
    Assistant United States Attorney

JOSHUA LEWIS DRATEL
    Attorney for Defendant

1               (In open court)

2               (Case called)

3               MS. FENDER:  Good morning, your Honor.  Jessica Fender
4     on behalf of the government.

5               MR. DRATEL:  Good morning, your Honor.  Joshua Dratel
6     for Mr. Cruz, who's seated beside me.

7               THE COURT:  Good morning.  Before we begin, let me
8     confirm my understanding of the penalties that the defendant
9     may face if convicted on Count One.  Based on the plea
10    agreement, am I correct in understanding that he faces up to 20
11    years of imprisonment, a supervised release term of three years
12    to life, a fine of up to $1 million or twice the total gain
13    from the crime, a $100 mandatory special assessment, forfeiture
14    and forfeiture of proceeds?

15              MS. FENDER:  That's correct, your Honor.

16              THE COURT:  The plea agreement makes reference to
17    restitution.  Is restitution an element in this case?

18              MS. FENDER:  Your Honor, I think that, at this point,
19    the plea agreement just has a general placeholder for
20    restitution to be determined at a subsequent time.  I don't
21    understand that there's any specific amount at issue right now.

22              MR. DRATEL:  Same here, your Honor.  I don't believe
23    that it's going to be an issue.

24              THE COURT:  All right.  Mr. Cruz, the indictment in
25    this case charges you with a violation of the United States

1   narcotics laws.  Ordinarily, when a defendant enters a plea to
2   a charge such as this, he will do so before a United States
3   district judge, who will also conduct the required
4   question-and-answer session that accompanies the plea.
5           However, with the consent of the defendant, United
6   States magistrate judges, of whom I'm one, also have the
7   authority to take a plea in a case such as this.  If you were
8   to consent to enter your plea before a magistrate judge, you
9   would receive all the same protections as you would have before
10  a district judge.  Do you understand that?
11          THE DEFENDANT:  Yes.
12          THE COURT:  Is it your wish at this time to enter your
13  plea before a magistrate judge?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Is this your signature on this the consent
16  form?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Now, before I take your plea, I have to
19  ask you some questions, and I, therefore, have to put you under
20  oath.
21          (Defendant sworn)
22          THE COURT:  Would you please state your full name?
23          THE DEFENDANT:  Jose Cruz.
24          THE COURT:  What is your age?
25          THE DEFENDANT:  37.

1           THE COURT:  What is the extent of your formal
2    education?
3           THE DEFENDANT:  I don't have education.
4           THE COURT:  None.
5           THE DEFENDANT:  Oh, I went to school to the 10th
6    grade.
7           THE COURT:  Are you now, or have you recently been,
8    under the care of a doctor or a psychiatrist for any reason?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Either or both?
11          THE DEFENDANT:  Both.
12          THE COURT:  Is there anything about the conditions for
13   which you are being treated that makes it more difficult for
14   you to listen, hear, think, reason or make decisions?
15          THE DEFENDANT:  No.
16          THE COURT:  Are you currently under any medication?
17          THE DEFENDANT:  Last night.
18          THE COURT:  And is there anything about the medication
19   that you are taking that makes it more difficult for you to
20   listen, hear, think --
21          THE DEFENDANT:  No.
22          THE COURT:  -- reason or make decisions?
23          THE DEFENDANT:  No.
24          THE COURT:  Have you been able to understand pretty
25   much everything that has been said to you so far today?

1           THE DEFENDANT:  Yes.
2           THE COURT:  Have you received a copy of the first
3    superseding indictment, which is the charging document in the
4    case?
5           THE DEFENDANT:  Yes.
6           THE COURT:  And specifically referring to Count One,
7    have you read it, or do you want me to read it to you?
8           THE DEFENDANT:  I read it.
9           THE COURT:  Do you understand what it says you did?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Have you had an opportunity to discuss
12   this charge and how you wish to plead today with your attorney?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Are you satisfied with your attorney?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Are you ready, at this time, to enter a
17   plea to Count One?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Bearing in mind that Count One charges
20   you, in substance, with having participated with others in a
21   conspiracy to distribute and to possess with intent to
22   distribute a quantity of heroin, how do you plead to this
23   conspiracy charge, guilty or not guilty?
24          THE DEFENDANT:  Guilty.
25          THE COURT:  Now, because you're proposing to enter a

1  guilty plea, I have to ask you some additional questions.  My
2  purpose in doing so is to ensure that you understand the
3  consequences of pleading guilty, and also to be certain that
4  your plea is voluntary.
5        First of all, I want you to understand that if
6  convicted on this charge, you could face as a potential maximum
7  penalty, a prison term as long as 20 years, a supervised
8  release term of as long as life, and a mandatory minimum
9  supervised release term of three years, a fine that could be as
10 large as $1 million or twice the total gain from the criminal
11 conduct, whichever of those is larger, a mandatory special
12 assessment of $100, an order of forfeiture requiring that you
13 surrender any proceeds from the crime and at least possibly an
14 order of restitution requiring that you make any victims whole
15 who were victims of the crime.  Do you understand that?
16        THE DEFENDANT:  Yes.
17        THE COURT:  Do you understand also that if, as part of
18 your sentence, you're placed on supervised release and you
19 violate any of the conditions of that release, your supervised
20 release term could be revoked and you could face an additional
21 term of imprisonment?
22        THE DEFENDANT:  Yes.
23        THE COURT:  Are you a United States citizen?
24        THE DEFENDANT:  Yes.
25        THE COURT:  Do you understand that you have a right to

1    plead not guilty to this charge and a right to a trial and,
2    indeed, a jury trial, if you wish?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Do you understand that if you pled not
5    guilty and went to trial, the burden would be on the government
6    to prove your guilt beyond a reasonable doubt?
7             THE DEFENDANT:  Yes.
8             THE COURT:  Do you understand that if you went to
9    trial, you would be presumed innocent unless and until the
10   government proved your guilt beyond a reasonable doubt?
11            THE DEFENDANT:  Yes.
12            THE COURT:  Do you understand that at such a trial,
13   you would be entitled to be represented by a lawyer at all
14   stages, and if you could not afford to hire one, the services
15   of your attorney would be provided without charge?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Do you understand also that at such a
18   trial, you would be entitled, through your lawyer, to
19   cross-examine any witnesses called by the government to testify
20   against you?
21            THE DEFENDANT:  Yes, I do.
22            THE COURT:  Do you understand that you would be
23   entitled, at such a trial, to call witnesses to testify on your
24   behalf?
25            THE DEFENDANT:  Yes.

1            THE COURT:  Do you also understand that, at such a
2    trial, you would be entitled to use the authority of the Court,
3    through the issuance of subpoenas, to compel witnesses to come
4    to court to testify for you?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Do you understand also that if you went to
7    trial, you would be entitled, if you wished, to testify on your
8    own behalf?
9            THE DEFENDANT:  Yes.
10           THE COURT:  Do you also understand that at such a
11   trial, you would not be required to incriminate yourself; that
12   is, you would not be required to testify against yourself?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Do you understand that by pleading guilty,
15   you're giving up all of these protections, including a trial,
16   and the only remaining step will be the imposition of sentence?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Do you understand the nature of the charge
19   to which you're now pleading guilty?
20           THE DEFENDANT:  Yes, I do.
21           THE COURT:  Do you understand the range of penalties
22   to which you are at least potentially subjecting yourself by
23   pleading guilty?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you also understand that if any of the

1  answers that you give to me today prove to have been
2  untruthful, you could face a separate prosecution for perjury?
3              THE DEFENDANT:  Yes.
4              THE COURT:  Do you still wish to plead guilty?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Have any threats of any kind been made to
7  influence how you plead today?
8              THE DEFENDANT:  No.
9              THE COURT:  I have received a copy of a letter dated
10 April 20, 2015, which was sent from the United States Attorney
11 to your attorney and contains what appears to be a plea
12 agreement.  Apart from what is contained in that letter, have
13 any promises been made to you as to the sentence that you will
14 receive in this case?
15             THE DEFENDANT:  No.
16             THE COURT:  Do you understand that the decision as to
17 the appropriate sentence will be entirely up to the trial
18 judge, Judge Preska, who will be guided only by what the law
19 requires, including the so-called United States sentencing
20 guidelines?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Do you understand that even if you're
23 shocked and disappointed at the sentence that you receive from
24 Judge Preska, you will still be bound by your guilty plea?
25             THE DEFENDANT:  Yes.

Case 1:14-cr-00483-LAP   Document 123   Filed 05/28/15   Page 10 of 16      10
F4TPCRUP

```
1               THE COURT:  Did you sign this plea agreement?
2               THE DEFENDANT:  Yes, I did.
3               THE COURT:  Before you signed it, did you discuss it
4    with your attorney?
5               THE DEFENDANT:  Yes, I did.
6               THE COURT:  Did he explain to you all of its terms and
7    conditions?
8               THE DEFENDANT:  Yes.
9               THE COURT:  I note that as part of the plea agreement,
10   there is an analysis as to how the sentencing guidelines may
11   affect the sentence in your case, and that analysis ends with
12   the prediction that the sentencing guideline range for a prison
13   term will be 92 to 115 months.  Are you aware of that?
14              THE DEFENDANT:  Yes.
15              THE COURT:  Do you understand that when it comes time
16   to sentence you, Judge Preska will be required to take the
17   guidelines into consideration, but will not necessarily be
18   required to apply them directly to your case?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Do you understand that even if she does
21   apply the guidelines in your case, she will not be bound by the
22   analysis of the guidelines found in the plea agreement, and if
23   she does her own analysis, she may come up with an entirely
24   different guidelines sentencing range?  Do you understand that?
25              THE DEFENDANT:  Yes.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1        THE COURT:  Do you also understand that even if she
2   agrees that the guideline range for a prison term is 92 to 115
3   months, she may choose, in appropriate circumstances, to impose
4   a prison term that's either longer than the maximum of that
5   range, that is longer than 115 months --
6        THE DEFENDANT:  Yes.
7        THE COURT:  -- or shorter than the minimum of that
8   range --
9        THE DEFENDANT:  Yes.
10       THE COURT:  -- that is, shorter than the 92 months?
11  Do you understand that?
12       THE DEFENDANT:  Yes.
13       THE COURT:  Do you also understand that, as part of
14  this plea agreement, that if the sentence that you receive is
15  not longer than 115 months, you are giving up your right to
16  complain about that sentence either on appeal to the Court of
17  Appeals or by application to Judge Preska?  Do you understand
18  that?
19       THE DEFENDANT:  Yes.
20       THE COURT:  Do you also understand that, as part of
21  this plea agreement, even if it turns out that the government
22  has improperly withheld from your lawyer information that would
23  have been helpful to him in defending you at trial, you are
24  giving up your right to complain about that form of government
25  misconduct?  Do you understand that?

1             THE DEFENDANT:  Yes.

2             THE COURT:  Is your plea voluntary and made of your

3     own freewill?

4             THE DEFENDANT:  Yes.

5             THE COURT:  Did you, in fact, commit the offenses

6     that's charged in Count One?

7             THE DEFENDANT:  Yes.

8             THE COURT:  Before I ask Mr. Cruz to specify his

9     conduct, I'll request that the government summarize briefly the

10    elements that it would have to establish to sustain this charge

11    at trial.

12            MS. FENDER:  Thank you, your Honor.  The government

13    would have to establish beyond a reasonable doubt two elements

14    at trial.  First, that there was a conspiracy or agreement

15    between the defendant and at least one other person to violate

16    the narcotics laws of the United States.  In this case, a

17    conspiracy or agreement to distribute and possess with intent

18    to distribute one kilogram and more of mixtures and substances

19    containing heroin.

20            Although under the terms of the plea agreement, your

21    Honor, the defendant is being permitted to plea to a

22    lesser-included offense.

23            And, second, that the defendant knowingly and willing

24    joined that conspiracy.  Of course, the government would also

25    be required to establish venue by a preponderance of the

1     evidence in the Southern District.

2              THE COURT:  Thank you.  Now, Mr. Cruz, can you tell us
3     in your own words what it is that you did that forms the basis
4     for the charge to which you're now pleading guilty.

5              THE DEFENDANT:  I was in agreement with a heroin
6     transaction with other people.

7              THE COURT:  When you say "a heroin transaction," you
8     had agreed with others to engage in the sale or purchase of
9     some quantity of heroin?

10             THE DEFENDANT:  Yeah.

11             THE COURT:  And was that, as you understood it, for
12    the purpose of further distribution of the heroin?

13             THE DEFENDANT:  I'm a user.  I use drugs.  I don't
14    know.  Okay.

15             THE COURT:  I'm sorry?  Was it your understanding that
16    the transaction, the heroin transaction that you described was
17    for the purpose of the sale of heroin, for its further
18    redistribution, apart from whatever heroin you, yourself, might
19    have used?

20             THE DEFENDANT:  Oh, okay, yeah.

21             THE COURT:  Approximately when did this occur?

22             THE DEFENDANT:  I don't remember.  2014.

23             THE COURT:  Did this take place in Manhattan or the
24    Bronx or Westchester?

25             THE DEFENDANT:  Bronx.

Case 1:14-cr-00483-LAP   Document 123   Filed 05/28/15   Page 14 of 16    14
F4TPCRUP

1           THE COURT:  Your role in this was what, to assist in
2    the purchase or the sale?
3           (Pause)
4           THE DEFENDANT:  I bought some and used some and I sold
5    some.
6           THE COURT:  Are there any other questions that I
7    should ask the defendant at this time?
8           MS. FENDER:  Your Honor, the only thing I might
9    suggest is something referring to the amount at issue.
10          THE COURT:  I thought that he was being charged with
11   simply a quantity?
12          MS. FENDER:  400 to 700, I think is what he's pleading
13   to.
14          THE COURT:  I'm sorry?
15          MS. FENDER:  He's pleading to, I think, 400 to
16   700 grams of heroin as part of the conspiracy.  So I just would
17   inquire if that's consistent with his understanding of his
18   conduct.
19          THE COURT:  As I read in the plea agreement, he's
20   agreeing to plea to a detectable amount of heroin.
21          MR. DRATEL:  It's not an element, and it's part of the
22   plea agreement and we're bound by it.  I don't think it's
23   necessary, as part of the specific allocution, but we are bound
24   by that agreement.
25          THE COURT:  I'm sorry, bound by what?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1        MR. DRATEL:  We're bound by the agreement, as far as
2   the guidelines are concerned, and that's the only part of the
3   agreement -- I mean, that's the only part of the agreement that
4   binds us.  It's not an element of the offense.  I think the
5   plea allocution is sufficient without a specific amount, but
6   we're not going to argue otherwise.
7        MS. FENDER:  I agree, your Honor.
8        THE COURT:  Do either of you know of any reason why
9   the plea should not be accepted?
10        MS. FENDER:  No, your Honor.
11        MR. DRATEL:  No, your Honor.
12        THE COURT:  Very well.  I'm satisfied that Mr. Cruz
13   understands the nature of the charge to which he's pleading and
14   that he understands the consequences of his guilty plea.  I'm
15   also satisfied that his plea is voluntary and that there is a
16   factual basis for it.  I'm, therefore, recommending at this
17   time that Judge Preska accept the proffered plea.
18        I assume that the government will order a transcript
19   of today's proceeding and submit it, with any other necessary
20   paperwork, to Judge Preska so that she may act on this
21   recommendation?
22        MS. FENDER:  Yes, your Honor.
23        THE COURT:  At this point, I'm also directing
24   defendant's counsel to promptly contact probation to ensure
25   that defendant can be interviewed within the next two weeks for

F4TPCRUP

1    the purpose of assisting in the preparation of a presentence
2    report.
3            And at the same time, I'm directing the government,
4    within that same time frame, to provide to probation any
5    information it deems relevant for purposes of assisting in the
6    preparation of that report.
7            Anything else at this time?
8            MR. DRATEL:  No.  Thank you, your Honor.
9            MS. FENDER:  Your Honor, I don't know if you're
10   interested in setting a control date, that's the only question.
11           THE COURT:  I'm sure that Judge Preska will set a
12   sentencing date.
13           MS. FENDER:  Wonderful.  Thank you, your Honor.
14           MR. DRATEL:  Thank you, your Honor.
15           THE COURT:  Thank you.
16           (Adjourned)
17
18
19
20
21
22
23
24
25