*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 6, 2015

**By ECF**

The Honorable Loretta A. Preska
Chief United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      **Re: United States v. Jose Cruz, 14 Cr. 483 (LAP)**

Dear Chief Judge Preska:

      Pursuant to Your Honor's referral, defendant Jose Cruz entered a guilty plea before Magistrate Judge Michael H. Dolinger on April 29, 2015. The Government respectfully requests that Your Honor accept this guilty plea. A copy of the transcript of the defendant's plea allocution, along with a proposed Order accepting the guilty plea, are attached for Your Honor's consideration.

      A sentencing date has not yet been set. The Government respectfully requests that the Court schedule sentencing for any time convenient to the Court.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

      By: _____/s/_____
      Brendan F. Quigley/Shawn Crowley
      Assistant United States Attorneys
      (212) 637-2190/1034

Enclosures

cc:    Joshua Dratel, Esq. (via ECF)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA            :
                                    :   ORDER
           - v. -                   :
                                    :   14 Cr. 483 (LAP)
JOSE CRUZ,                          :
                                    :
           Defendant.               :
                                    :
                                    :
------------------------------------X
```

WHEREAS, with the consent of defendant JOSE CRUZ, his guilty plea allocution was taken before a United States Magistrate Judge on April 29, 2015;

WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

SO ORDERED:

Dated:   New York, New York
         June ___, 2015

                                           _____
                                           LORETTA A. PRESKA
                                           CHIEF U.S. DISTRICT JUDGE

F4TPCRUP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                             14 CR 483 (LAP)

JOSE CRUZ,

              Defendant.

------------------------------x

                                     New York, N.Y.
                                     April 29, 2015
                                     11:10 a.m.

Before:

              HON. MICHAEL H. DOLINGER,

                                     Magistrate Judge

                      APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
JESSICA FENDER
    Assistant United States Attorney

JOSHUA LEWIS DRATEL
    Attorney for Defendant

F4TPCRUP

1        (In open court)

2        (Case called)

3        MS. FENDER:  Good morning, your Honor.  Jessica Fender on behalf of the government.

5        MR. DRATEL:  Good morning, your Honor.  Joshua Dratel for Mr. Cruz, who's seated beside me.

7        THE COURT:  Good morning.  Before we begin, let me confirm my understanding of the penalties that the defendant may face if convicted on Count One.  Based on the plea agreement, am I correct in understanding that he faces up to 20 years of imprisonment, a supervised release term of three years to life, a fine of up to $1 million or twice the total gain from the crime, a $100 mandatory special assessment, forfeiture and forfeiture of proceeds?

15        MS. FENDER:  That's correct, your Honor.

16        THE COURT:  The plea agreement makes reference to restitution.  Is restitution an element in this case?

18        MS. FENDER:  Your Honor, I think that, at this point, the plea agreement just has a general placeholder for restitution to be determined at a subsequent time.  I don't understand that there's any specific amount at issue right now.

22        MR. DRATEL:  Same here, your Honor.  I don't believe that it's going to be an issue.

24        THE COURT:  All right.  Mr. Cruz, the indictment in this case charges you with a violation of the United States

Case 1:14-cr-00483-LAP   Document 129   Filed 06/06/15   Page 5 of 18

3

F4TPCRUP

1  narcotics laws. Ordinarily, when a defendant enters a plea to
2  a charge such as this, he will do so before a United States
3  district judge, who will also conduct the required
4  question-and-answer session that accompanies the plea.
5      However, with the consent of the defendant, United
6  States magistrate judges, of whom I'm one, also have the
7  authority to take a plea in a case such as this. If you were
8  to consent to enter your plea before a magistrate judge, you
9  would receive all the same protections as you would have before
10 a district judge. Do you understand that?
11     THE DEFENDANT: Yes.
12     THE COURT: Is it your wish at this time to enter your
13 plea before a magistrate judge?
14     THE DEFENDANT: Yes.
15     THE COURT: Is this your signature on this the consent
16 form?
17     THE DEFENDANT: Yes.
18     THE COURT: Now, before I take your plea, I have to
19 ask you some questions, and I, therefore, have to put you under
20 oath.
21     (Defendant sworn)
22     THE COURT: Would you please state your full name?
23     THE DEFENDANT: Jose Cruz.
24     THE COURT: What is your age?
25     THE DEFENDANT: 37.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F4TPCRUP

1           THE COURT:  What is the extent of your formal
2   education?
3           THE DEFENDANT:  I don't have education.
4           THE COURT:  None.
5           THE DEFENDANT:  Oh, I went to school to the 10th
6   grade.
7           THE COURT:  Are you now, or have you recently been,
8   under the care of a doctor or a psychiatrist for any reason?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Either or both?
11          THE DEFENDANT:  Both.
12          THE COURT:  Is there anything about the conditions for
13  which you are being treated that makes it more difficult for
14  you to listen, hear, think, reason or make decisions?
15          THE DEFENDANT:  No.
16          THE COURT:  Are you currently under any medication?
17          THE DEFENDANT:  Last night.
18          THE COURT:  And is there anything about the medication
19  that you are taking that makes it more difficult for you to
20  listen, hear, think --
21          THE DEFENDANT:  No.
22          THE COURT:  -- reason or make decisions?
23          THE DEFENDANT:  No.
24          THE COURT:  Have you been able to understand pretty
25  much everything that has been said to you so far today?

F4TPCRUP

1      THE DEFENDANT:  Yes.
2      THE COURT:  Have you received a copy of the first
3 superseding indictment, which is the charging document in the
4 case?
5      THE DEFENDANT:  Yes.
6      THE COURT:  And specifically referring to Count One,
7 have you read it, or do you want me to read it to you?
8      THE DEFENDANT:  I read it.
9      THE COURT:  Do you understand what it says you did?
10     THE DEFENDANT:  Yes.
11     THE COURT:  Have you had an opportunity to discuss
12 this charge and how you wish to plead today with your attorney?
13     THE DEFENDANT:  Yes.
14     THE COURT:  Are you satisfied with your attorney?
15     THE DEFENDANT:  Yes.
16     THE COURT:  Are you ready, at this time, to enter a
17 plea to Count One?
18     THE DEFENDANT:  Yes.
19     THE COURT:  Bearing in mind that Count One charges
20 you, in substance, with having participated with others in a
21 conspiracy to distribute and to possess with intent to
22 distribute a quantity of heroin, how do you plead to this
23 conspiracy charge, guilty or not guilty?
24     THE DEFENDANT:  Guilty.
25     THE COURT:  Now, because you're proposing to enter a

F4TPCRUP

        1    guilty plea, I have to ask you some additional questions.  My

        2    purpose in doing so is to ensure that you understand the

        3    consequences of pleading guilty, and also to be certain that

        4    your plea is voluntary.

        5             First of all, I want you to understand that if

        6    convicted on this charge, you could face as a potential maximum

        7    penalty, a prison term as long as 20 years, a supervised

        8    release term of as long as life, and a mandatory minimum

        9    supervised release term of three years, a fine that could be as

     10    large as $1 million or twice the total gain from the criminal

     11    conduct, whichever of those is larger, a mandatory special

     12    assessment of $100, an order of forfeiture requiring that you

     13    surrender any proceeds from the crime and at least possibly an

     14    order of restitution requiring that you make any victims whole

     15    who were victims of the crime.  Do you understand that?

     16            THE DEFENDANT:  Yes.

     17            THE COURT:  Do you understand also that if, as part of

     18    your sentence, you're placed on supervised release and you

     19    violate any of the conditions of that release, your supervised

     20    release term could be revoked and you could face an additional

     21    term of imprisonment?

     22            THE DEFENDANT:  Yes.

     23            THE COURT:  Are you a United States citizen?

     24            THE DEFENDANT:  Yes.

     25            THE COURT:  Do you understand that you have a right to

1  plead not guilty to this charge and a right to a trial and,
2  indeed, a jury trial, if you wish?
3       THE DEFENDANT:  Yes.
4       THE COURT:  Do you understand that if you pled not
5  guilty and went to trial, the burden would be on the government
6  to prove your guilt beyond a reasonable doubt?
7       THE DEFENDANT:  Yes.
8       THE COURT:  Do you understand that if you went to
9  trial, you would be presumed innocent unless and until the
10 government proved your guilt beyond a reasonable doubt?
11      THE DEFENDANT:  Yes.
12      THE COURT:  Do you understand that at such a trial,
13 you would be entitled to be represented by a lawyer at all
14 stages, and if you could not afford to hire one, the services
15 of your attorney would be provided without charge?
16      THE DEFENDANT:  Yes.
17      THE COURT:  Do you understand also that at such a
18 trial, you would be entitled, through your lawyer, to
19 cross-examine any witnesses called by the government to testify
20 against you?
21      THE DEFENDANT:  Yes, I do.
22      THE COURT:  Do you understand that you would be
23 entitled, at such a trial, to call witnesses to testify on your
24 behalf?
25      THE DEFENDANT:  Yes.

F4TPCRUP

1           THE COURT:  Do you also understand that, at such a
2    trial, you would be entitled to use the authority of the Court,
3    through the issuance of subpoenas, to compel witnesses to come
4    to court to testify for you?
5           THE DEFENDANT:  Yes.
6           THE COURT:  Do you understand also that if you went to
7    trial, you would be entitled, if you wished, to testify on your
8    own behalf?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Do you also understand that at such a
11   trial, you would not be required to incriminate yourself; that
12   is, you would not be required to testify against yourself?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Do you understand that by pleading guilty,
15   you're giving up all of these protections, including a trial,
16   and the only remaining step will be the imposition of sentence?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Do you understand the nature of the charge
19   to which you're now pleading guilty?
20          THE DEFENDANT:  Yes, I do.
21          THE COURT:  Do you understand the range of penalties
22   to which you are at least potentially subjecting yourself by
23   pleading guilty?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Do you also understand that if any of the

1  answers that you give to me today prove to have been
2  untruthful, you could face a separate prosecution for perjury?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Do you still wish to plead guilty?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Have any threats of any kind been made to
7  influence how you plead today?
8            THE DEFENDANT:  No.
9            THE COURT:  I have received a copy of a letter dated
10 April 20, 2015, which was sent from the United States Attorney
11 to your attorney and contains what appears to be a plea
12 agreement.  Apart from what is contained in that letter, have
13 any promises been made to you as to the sentence that you will
14 receive in this case?
15           THE DEFENDANT:  No.
16           THE COURT:  Do you understand that the decision as to
17 the appropriate sentence will be entirely up to the trial
18 judge, Judge Preska, who will be guided only by what the law
19 requires, including the so-called United States sentencing
20 guidelines?
21           THE DEFENDANT:  Yes.
22           THE COURT:  Do you understand that even if you're
23 shocked and disappointed at the sentence that you receive from
24 Judge Preska, you will still be bound by your guilty plea?
25           THE DEFENDANT:  Yes.

F4TPCRUP

THE COURT:  Did you sign this plea agreement?

THE DEFENDANT:  Yes, I did.

THE COURT:  Before you signed it, did you discuss it with your attorney?

THE DEFENDANT:  Yes, I did.

THE COURT:  Did he explain to you all of its terms and conditions?

THE DEFENDANT:  Yes.

THE COURT:  I note that as part of the plea agreement, there is an analysis as to how the sentencing guidelines may affect the sentence in your case, and that analysis ends with the prediction that the sentencing guideline range for a prison term will be 92 to 115 months.  Are you aware of that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that when it comes time to sentence you, Judge Preska will be required to take the guidelines into consideration, but will not necessarily be required to apply them directly to your case?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that even if she does apply the guidelines in your case, she will not be bound by the analysis of the guidelines found in the plea agreement, and if she does her own analysis, she may come up with an entirely different guidelines sentencing range?  Do you understand that?

THE DEFENDANT:  Yes.

1            THE COURT:  Do you also understand that even if she
2   agrees that the guideline range for a prison term is 92 to 115
3   months, she may choose, in appropriate circumstances, to impose
4   a prison term that's either longer than the maximum of that
5   range, that is longer than 115 months --
6            THE DEFENDANT:  Yes.
7            THE COURT:   -- or shorter than the minimum of that
8   range --
9            THE DEFENDANT:  Yes.
10           THE COURT:   -- that is, shorter than the 92 months?
11  Do you understand that?
12           THE DEFENDANT:  Yes.
13           THE COURT:  Do you also understand that, as part of
14  this plea agreement, that if the sentence that you receive is
15  not longer than 115 months, you are giving up your right to
16  complain about that sentence either on appeal to the Court of
17  Appeals or by application to Judge Preska?  Do you understand
18  that?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Do you also understand that, as part of
21  this plea agreement, even if it turns out that the government
22  has improperly withheld from your lawyer information that would
23  have been helpful to him in defending you at trial, you are
24  giving up your right to complain about that form of government
25  misconduct?  Do you understand that?

F4TPCRUP

1      THE DEFENDANT:  Yes.

2      THE COURT:  Is your plea voluntary and made of your
3  own freewill?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Did you, in fact, commit the offenses
6  that's charged in Count One?

7      THE DEFENDANT:  Yes.

8      THE COURT:  Before I ask Mr. Cruz to specify his
9  conduct, I'll request that the government summarize briefly the
10 elements that it would have to establish to sustain this charge
11 at trial.

12     MS. FENDER:  Thank you, your Honor.  The government
13 would have to establish beyond a reasonable doubt two elements
14 at trial.  First, that there was a conspiracy or agreement
15 between the defendant and at least one other person to violate
16 the narcotics laws of the United States.  In this case, a
17 conspiracy or agreement to distribute and possess with intent
18 to distribute one kilogram and more of mixtures and substances
19 containing heroin.

20     Although under the terms of the plea agreement, your
21 Honor, the defendant is being permitted to plea to a
22 lesser-included offense.

23     And, second, that the defendant knowingly and willing
24 joined that conspiracy.  Of course, the government would also
25 be required to establish venue by a preponderance of the

F4TPCRUP

1  evidence in the Southern District.
2          THE COURT:  Thank you.  Now, Mr. Cruz, can you tell us
3  in your own words what it is that you did that forms the basis
4  for the charge to which you're now pleading guilty.
5          THE DEFENDANT:  I was in agreement with a heroin
6  transaction with other people.
7          THE COURT:  When you say "a heroin transaction," you
8  had agreed with others to engage in the sale or purchase of
9  some quantity of heroin?
10         THE DEFENDANT:  Yeah.
11         THE COURT:  And was that, as you understood it, for
12 the purpose of further distribution of the heroin?
13         THE DEFENDANT:  I'm a user.  I use drugs.  I don't
14 know.  Okay.
15         THE COURT:  I'm sorry?  Was it your understanding that
16 the transaction, the heroin transaction that you described was
17 for the purpose of the sale of heroin, for its further
18 redistribution, apart from whatever heroin you, yourself, might
19 have used?
20         THE DEFENDANT:  Oh, okay, yeah.
21         THE COURT:  Approximately when did this occur?
22         THE DEFENDANT:  I don't remember.  2014.
23         THE COURT:  Did this take place in Manhattan or the
24 Bronx or Westchester?
25         THE DEFENDANT:  Bronx.

F4TPCRUP

1    THE COURT:  Your role in this was what, to assist in
2  the purchase or the sale?
3    (Pause)
4    THE DEFENDANT:  I bought some and used some and I sold
5  some.
6    THE COURT:  Are there any other questions that I
7  should ask the defendant at this time?
8    MS. FENDER:  Your Honor, the only thing I might
9  suggest is something referring to the amount at issue.
10   THE COURT:  I thought that he was being charged with
11 simply a quantity?
12   MS. FENDER:  400 to 700, I think is what he's pleading
13 to.
14   THE COURT:  I'm sorry?
15   MS. FENDER:  He's pleading to, I think, 400 to
16 700 grams of heroin as part of the conspiracy.  So I just would
17 inquire if that's consistent with his understanding of his
18 conduct.
19   THE COURT:  As I read in the plea agreement, he's
20 agreeing to plea to a detectable amount of heroin.
21   MR. DRATEL:  It's not an element, and it's part of the
22 plea agreement and we're bound by it.  I don't think it's
23 necessary, as part of the specific allocution, but we are bound
24 by that agreement.
25   THE COURT:  I'm sorry, bound by what?

```
1          MR. DRATEL:  We're bound by the agreement, as far as
2    the guidelines are concerned, and that's the only part of the
3    agreement -- I mean, that's the only part of the agreement that
4    binds us.  It's not an element of the offense.  I think the
5    plea allocution is sufficient without a specific amount, but
6    we're not going to argue otherwise.
7          MS. FENDER:  I agree, your Honor.
8          THE COURT:  Do either of you know of any reason why
9    the plea should not be accepted?
10         MS. FENDER:  No, your Honor.
11         MR. DRATEL:  No, your Honor.
12         THE COURT:  Very well.  I'm satisfied that Mr. Cruz
13   understands the nature of the charge to which he's pleading and
14   that he understands the consequences of his guilty plea.  I'm
15   also satisfied that his plea is voluntary and that there is a
16   factual basis for it.  I'm, therefore, recommending at this
17   time that Judge Preska accept the proffered plea.
18         I assume that the government will order a transcript
19   of today's proceeding and submit it, with any other necessary
20   paperwork, to Judge Preska so that she may act on this
21   recommendation?
22         MS. FENDER:  Yes, your Honor.
23         THE COURT:  At this point, I'm also directing
24   defendant's counsel to promptly contact probation to ensure
25   that defendant can be interviewed within the next two weeks for
```

Case 1:14-cr-00483-LAP   Document 129   Filed 06/06/15   Page 18 of 18
16
F4TPCRUP

```
 1   the purpose of assisting in the preparation of a presentence
 2   report.
 3             And at the same time, I'm directing the government,
 4   within that same time frame, to provide to probation any
 5   information it deems relevant for purposes of assisting in the
 6   preparation of that report.
 7             Anything else at this time?
 8             MR. DRATEL:  No.  Thank you, your Honor.
 9             MS. FENDER:  Your Honor, I don't know if you're
10   interested in setting a control date, that's the only question.
11             THE COURT:  I'm sure that Judge Preska will set a
12   sentencing date.
13             MS. FENDER:  Wonderful.  Thank you, your Honor.
14             MR. DRATEL:  Thank you, your Honor.
15             THE COURT:  Thank you.
16             (Adjourned)
17
18
19
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300